UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIO C. CRUZ, and
MARIA D. DE CRUZ,

    Plaintiffs,

v.                               Case No. 8:14-cv-1539-T-33TBM

UNDERWRITERS AT LLOYD'S LONDON,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Underwriters at Lloyd's London's Motion to Dismiss (Doc. # 5), filed on June 30, 2014. Plaintiffs Julio C. Cruz and Maria D. De Cruz filed a response in opposition (Doc. # 9), on July 10, 2014. For the reasons set forth below, and for the reasons stated at the hearing on July 30, 2014, the Court grants Defendant's Motion. However, the Complaint is dismissed without prejudice, so that Plaintiffs may file an amended complaint by September 15, 2014, to state a claim, if possible.

**I. Background**

Plaintiffs are Florida residents who own a piece of real property at 2916 West Wilder Avenue, Tampa, Florida 33614. (Doc. # 2 at ¶ 2). At the time this action was initiated, Plaintiffs believed that the property was covered by an insurance policy issued by Defendant that served as a valid and binding contract between the parties. (Id. at ¶¶ 5, 14). Accordingly, Plaintiffs believed that coverage pursuant to the policy was in full effect at all times relevant to this dispute. (Id. at ¶¶ 5-6).

Plaintiffs discovered physical damage to the relevant property on or about July 13, 2013, due to sinkhole activity. (Id. at ¶¶ 7-8). Plaintiffs applied for insurance benefits pursuant to the policy, but Defendant refused to pay Plaintiffs benefits and denied coverage for the loss on April 3, 2014. (Id. at ¶ 10).

Plaintiffs initiated this action in state court on May 22, 2014, alleging a sole count of breach of contract. (Doc. ## 1, 2). Defendant timely removed this case on the basis of diversity jurisdiction on June 25, 2014. (Doc. # 1). Defendant filed the present Motion on June 30, 2014 (Doc. # 5), and Plaintiffs filed a response in opposition on July 10, 2014. (Doc. # 9). The Court has reviewed the Motion and the response thereto and is otherwise fully advised in the premises.

**II. Legal Standard**

On a motion to dismiss for failure to state a claim, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

"The scope of review must be limited to the four corners of the complaint," and any exhibits attached to it. Kinsey v. MLH Fin. Servs., Inc., 509 F. App'x 852, 853 (11th Cir. 2013)

("In resolving a motion to dismiss under Rule 12(b)(6), the court generally limits itself to a consideration of the pleadings and exhibits attached thereto."); St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). When the complaint's allegations contradict an attached exhibit, the exhibit governs "despite a court's duty to accept a plaintiff's allegations as true." Kinsey, 509 F. App'x at 853 (citing Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007)).

## III. Analysis

### A. Failure to Specify Contract Provision Breached

To sufficiently plead a claim for breach of contract under Florida law, a plaintiff "must assert the existence of a contract, a breach of such contract, and damages resulting from such breach." Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1365 (M.D. Fla. 2007). It is appropriate to dismiss a breach of contract claim if it fails to state which provision of the contract was breached. See, e.g., Whitney Nat. Bank v. SDC Cmtys., Inc., No. 8:09-cv-1788-EAK-TBM, 2010 WL 1270264, at *3 (M.D. Fla. Apr. 1, 2010) (dismissing breach of contract claims because plaintiff

failed to "allege the specific provision of the contract allegedly breached," and thus the claims were "examples of 'the-defendant-unlawfully-harmed-me' accusation that <u>Iqbal</u> warned against" (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009))).

Plaintiffs contend that they have sufficiently pled a breach of contract claim because they have alleged that "a valid insurance contract existed between the parties, that the Defendant breached that contract by failing to provide coverage per the terms of the contract and that the Plaintiffs have suffered damage in the form of the inability to mitigate the . . . damages to the residence caused by sinkhole activity." (Doc. # 9 at 6). Although Defendant fails to raise this issue in its Motion, the Court recognizes that Plaintiffs did not identify in their Complaint the contractual provision of the policy that Defendant allegedly breached. Rather, Plaintiffs state in conclusory fashion that "Defendant has breached the [p]olicy by failing to acknowledge the covered loss and by failing to pay Plaintiffs the benefits due and owing under the [p]olicy." (Doc. # 2 at ¶ 16). Therefore, this Court finds that Plaintiffs have not sufficiently pled a breach of contract claim against Defendant.

### B. Failure to Allege How Florida Changes Endorsement Supersedes Policy's Coverage Exclusion

Aside from Plaintiffs' failure to specify the provision at issue in their Complaint, this Court finds the Complaint subject to dismissal as it fails to factually support Plaintiffs' allegation that sinkhole damage is covered under the policy. According to Defendant, Plaintiffs cannot state a claim for breach of contract regarding denied coverage of sinkhole activity because the relevant insurance policy expressly excludes coverage for sinkhole damage. (Doc. # 5 at 1). Defendant argues that the insurance policy's Sinkhole Exclusion endorsement supersedes the policy's other sinkhole-related provisions. (Id.). The endorsement states in relevant part:

> **THIS ENDORSEMENT CHANGES THE AGREEMENT. PLEASE READ IT CAREFULLY.**
>
> **SINKHOLE EXCLUSION AND LIMITED CATASTROPHIC GROUND OVER COLLAPSE EXTENSION**
>
> It is understood and agreed that this insurance does not cover any loss, damage, cost, or expense directly or indirectly arising out of or in connection with a **Sinkhole**, **Sinkhole** collapse, or **Sinkhole** activity.
>
> For the purposes of this exclusion, the term **Sinkhole** shall mean a depression in the ground cover that results from the collapse, sinking or settlement of land into naturally occurring underground voids created by solution weathering of

>   limestone rock or any other substance including, but not limited to, salt, gypsum or dolostone.
>
>   Such loss, damage, cost, or expense is excluded regardless of any other cause or event contributing concurrently or in any sequence of such loss. This exclusion replaces and supersedes any provision in this insurance, in whole or in part, for these matters.

(Id. at 6) (emphasis in original).

Defendant contends that Plaintiffs' breach of contract claim is "fatally inconsistent" with the insurance policy attached to their Complaint given the express provision listed above. (Id. at 7). Defendant further asserts that Plaintiffs "have not pled facts that would allow one to draw a reasonable inference that Defendant [is] liable for the misconduct alleged," and therefore Plaintiffs' Complaint does not and could not state a claim for which relief could be granted. (Id.).

Conversely, Plaintiffs argue that that the Florida Changes endorsement in the policy adds sinkhole coverage back into the policy, thus superseding the Sinkhole Exclusion endorsement. (Doc. # 9 at 7, 9). The Florida Changes endorsement states in relevant part:

>   **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>   **FLORIDA CHANGES.**

7

> This endorsement modifies insurance provided under the following: . . .
>
> F. In the Cause of Loss – Special Form, references to sinkhole collapse mean sinkhole loss. The definition of sinkhole collapse is replaced by the following:
>
>> **Sinkhole Loss**, meaning or loss or damage to Covered Property when structural damage to the building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the building, only when such settlement or systematic weakening results from movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.
>> Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair of the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and in consultation with you.

(Id. at 8-9) (emphasis in original). Plaintiffs rely on the fact that the Florida Changes endorsement is found after the Sinkhole Exclusion endorsement in the policy to support their contention that the Florida Changes endorsement supersedes the Sinkhole Exclusion endorsement. (Id. at 11). However, because Plaintiffs' arguments in their response regarding the Florida Changes endorsement are not alleged within the four corners of the Complaint, they cannot be considered at this juncture.

8

Looking strictly at the four corners of the Complaint and the policy attached thereto, this Court agrees with Defendant that the express language of the Sinkhole Exclusion endorsement appears to contradict Plaintiffs' allegations that sinkhole activity was covered under the policy.[1]

Furthermore, the Court notes that interpretation of the relevant policy would be inappropriate at this posture. See N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc., No. 6:07-cv-1503-Orl-19KRS, 2008 WL 341309, at *2-3, 7 (M.D. Fla. Feb. 5, 2008) (finding considerations regarding whether the terms of a contract negated plaintiff's complaint inappropriate for the motion to dismiss stage because such considerations would require interpretation of the contract). Therefore, the Court does not interpret the policy or make a determination as to whether the Sinkhole Exclusion endorsement excludes sinkhole coverage. Rather, the Court finds that given the express language of the Sinkhole Exclusion endorsement on its face, Plaintiffs have failed to

---

[1] Specifically, the Sinkhole Exclusion endorsement appears to contradict Plaintiffs' Complaint on its face because it expressly states, "This exclusion replaces and supersedes any provision in this insurance, in whole or in part, for these matters." (Doc. # 2-1 at 61).

sufficiently plead that sinkhole coverage is provided by the policy.

### C. Failure to Allege Florida Statute Noncompliance

Additionally, in their response, Plaintiffs rely on the requirements of Fla. Stat. § 627.706 regarding insurance coverage for sinkhole activity to support their contention that sinkhole damage is in fact covered under the policy. (Doc. # 9 at 12-13). According to the statute:

> Insurers offering policies that exclude coverage for sinkhole losses must inform policyholders in bold type of not less than 14 points as follows: "YOUR POLICY PROVIDES COVERAGE FOR A CATASTROPHIC GROUND COVER COLLAPSE THAT RESULTS IN THE PROPERTY BEING CONDEMNED AND UNINHABITABLE. OTHERWISE, YOUR POLICY DOES NOT PROVIDE COVERAGE FOR SINKHOLE LOSSES. YOU MAY PURCHASE ADDITIONAL COVERAGE FOR SINKHOLE LOSSES FOR AN ADDITIONAL PREMIUM."

Fla. Stat. § 627.706(3). Because this exact language is not found in the policy, Plaintiffs argue that the exclusion contained within the policy is inoperative. (Doc. # 9 at 13) (citing e.g. Gray v. Major Rent-A-Car, 563 So. 2d 176, 177-178 (Fla. 5th DCA 1990) (holding that a lease provision which did not aesthetically appear as required by statute violated said statute and thus did not shift burden of coverage to lessee)).

Although the Court acknowledges the arguments made by Plaintiffs in their response regarding the textual

10

requirements of Fla. Stat. § 627.706, it is inappropriate to consider them at this juncture as no such allegations as to the effect of the statute on the insurance policy were made within the four corners of Plaintiffs' Complaint.

### D. Ambiguity Determination Inappropriate at this Juncture

Plaintiffs contend that the insurance policy is ambiguous in regards to sinkhole coverage, and thus the terms should be interpreted against Defendant. (Doc. # 9 at 11) (citing Wash. Nat'l Ins. Corp. v. Ruderman, 117 So. 3d 943, 949 (Fla. 2013) ("[W]here the provisions of an insurance policy are at issue, any ambiguity which remains after reading each policy as a whole and endeavoring to give every provision its full meaning and operative effect must be liberally construed in favor of coverage and against the insurer.")). As previously discussed, however, it is inappropriate at this juncture to determine whether the contract is ambiguous. See Whitney Nat. Bank, 2010 WL 1270266, at *5 ("[A]t the motion to dismiss stage, it is inappropriate to decide whether language in a contract is ambiguous and then make determinations based on what one party believes the language of the contract to say.").

### IV. Conclusion

11

For the reasons stated above, Defendant's Motion is granted as Plaintiffs failed to identify which provision of the policy was breached. Further, Plaintiffs failed to sufficiently allege that Defendant breached the policy given the policy's express language excluding coverage for sinkhole activity. However, the Complaint is dismissed without prejudice so that Plaintiffs may file an amended complaint by September 15, 2014, to state a claim, if possible.

As discussed at the hearing on July 30, 2014, the policy at issue in Plaintiffs' Complaint (Doc. # 2) and Defendant's Motion to Dismiss (Doc. # 5) is not, in fact, the operative policy. Therefore, Defendant has until and including August 13, 2014, to provide Plaintiffs with the policy that the parties agree should control this dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss (Doc. # 5) is **GRANTED.**

(2) Defendant has until and including **August 13, 2014**, to furnish Plaintiffs with the operative insurance policy.

(3) Plaintiffs have until and including **September 15, 2014**, to file an amended complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record